# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CAMPAIGN LEGAL CENTER,

    *Plaintiff*,

v.

FEDERAL ELECTION COMMISSION,

    *Defendant*.

Civil Action No. 21-406 (TJK)

## ORDER

Before the Court is Campaign Legal Center's motion for default judgment. *See* ECF No. 10. The Court **FINDS** that:

- On October 16, 2018, Campaign Legal Center ("CLC") filed an administrative complaint with Defendant Federal Election Commission ("FEC") alleging that Heritage Action, a tax-exempt 501(c)(4) corporation, violated the Federal Election Campaign Act ("FECA"). *See* ECF No. 1-1. The FEC acknowledged receipt of the complaint a few days later, identifying it as Matter Under Review ("MUR") 7516. But the FEC has taken no action on CLC's complaint.

- CLC sued the FEC for its failure to act on February 16, 2021, but the FEC has failed to defend this action, and it is not an infant, an incompetent person, or a person in the military service of the United States.

- The Clerk of Court properly entered default against the FEC. *See* ECF No. 9.

- CLC has standing to pursue its claim against the FEC because it seeks the information it claims Heritage Action unlawfully withheld. *See* ECF No. 1 ¶ 6; *CLC v. FEC*, No. 20-cv-809 (ABJ), 2021 WL 5178968, at *5 (D.D.C. Nov. 8, 2021); *CLC*

> *v. Iowa Values*, --- F. Supp. 3d ----, 2021 WL 5416635, at *5–6 (D.D.C. Nov. 19, 2021); *FEC v. Akins*, 524 U.S. 11, 21 (1998).

- The FEC's failure to act on CLC's administrative complaint is contrary to law under the factors set forth in *Common Cause v. FEC*, 489 F. Supp. 738, 744 (D.D.C. 1980), and *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). Since October 2018, the FEC has failed to act on CLC's supported, credible complaint alleging violations of FECA.[1] The allegations do not present a novel issue, and there is no evidence that the FEC's failure to act is due to a lack of resources, competing priorities, or lack of information. Moreover, the allegations outline a legitimate "threat[] to the health of our electoral processes." *Iowa Values*, 2021 WL 5416635, at *4 (cleaned up).

- Finally, CLC has incurred costs, as defined under 28 U.S.C. § 1920, in the amount of $400 in bringing this action. *See* ECF No. 10-2 ¶ 11.

Therefore, on consideration of the motion and supporting declaration and exhibits, it is hereby **ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(b), default judgment be entered in favor of CLC and against the FEC.

It is further **ORDERED** that, pursuant to 52 U.S.C. § 30109(a)(8)(C), the FEC conform to this Court's Order within 30 days by acting on CLC's administrative complaint, MUR 7516.

---

[1] The FEC lacked a quorum of commissioners on two separate occasions during this period—from September 1, 2019, to June 5, 2020, and again from July 3, 2020, to December 18, 2020. *See* ECF No. 10 at 5 (quoting press releases). And there is an open question on whether a court may find that an agency has unlawfully withheld action when the agency lacks quorum. *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 19 n.10 (2013). But because the FEC has had a quorum for most of the period that CLC's complaint has been pending, it has been statutorily capable of acting on CLC's complaint. Thus, there is no need to address here the question left open in *Inter Tribal Council*.

It is further **ORDERED** that this Court shall retain jurisdiction over this matter until the FEC takes final agency action with respect to CLC's administrative complaint. *See Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001); *Alegent Health-Immanuel Med. Ctr. v. Sebelius*, 917 F. Supp. 2d 1, 3 (D.D.C. 2012).

It is further **ORDERED** that, pursuant to 28 U.S.C. § 1920, the FEC pay CLC $400 in costs associated with this action.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 25, 2022